UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, II,<br><br>Plaintiff,<br><br>v.<br><br>THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No.: 1:25-cv-00580-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS AND REQUIRE PREPAYMENT OF FEES<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Ivan Lee Matthews, II ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

I.  **INTRODUCTION**

Plaintiff filed a complaint and a motion to proceed *in forma pauperis* in the Central District of California on May 5, 2025. (Docs. 1, 2). On May 16, 2025, the action was transferred to this Court because the allegations involve conduct that occurred at a facility in the Eastern District of California (*e.g.*, North Kern State Prison). (Docs. 4, 5).

Upon review of Plaintiff's prisoner litigation history and his complaint, the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious harm at the time he filed the action. Therefore, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) be denied under 28 U.S.C. §

1915(g) and that Plaintiff be required to pay the $405.00 filing fee in full to proceed with the action.

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

Under 28 U.S.C. section 1915, a prisoner may under certain circumstances proceed with the commencement of a civil rights suit without the prepayment of court fees. Relevant here, the statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." (*Id.*); *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *King*, 398 F.3d at 1116 n.1 (internal quotations omitted).

## III.   DISCUSSION

The Court takes judicial notice[1] of three prior lawsuits filed by Plaintiff that were dismissed for failure to state a claim:

1. *Matthew v. Williams*, No. 3:19-cv-00253-MMD-WGC, 2020 WL 1676786, at *2 (D. Nev.

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

      Apr. 3, 2020) (dismissed for failure to state a claim on April 3, 2020)

  2. *Matthews v. Puckett*, No. 13-cv-02760-JD, 2015 WL 7251930, at *3 (N.D. Cal. Nov. 17, 2015) (dismissed for failure to state a claim on November 17, 2015)

  3. *Matthews v. Pistone*, No. C 04-3712 JSW (PR), 2005 WL 2671386, at *3 (N.D. Cal. Oct. 19, 2005) (dismissed for failure to state a claim on October 19, 2005)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on May 5, 2025, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052-53.

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. His conclusory pleading that he is "in immediate danger" (*see* Doc. 1 at 12, 13) is insufficient to show that he is in imminent danger of serious physical injury to defeat the three-strikes bar under Section 1915. *See Cervantes*, 493 F.3d at 1053; *see also Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"). The complaint lacks any allegation that Plaintiff has suffered or reasonably fears suffering imminently any harm. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no genuine emergency where time is pressing, nor a threat that is real and proximate.

In sum, the Court finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed his complaint in this action. Therefore, Plaintiff should be precluded from proceeding IFP and be directed to pay the filing fee if he wishes to litigate the case. *Andrews*, 493 F.3d at 1052-53.[2]

---

[2] In an earlier, unrelated action filed in the Central District of California, Plaintiff's complaint was dismissed because the court found Plaintiff was not entitled to proceed *in forma*

**IV.     CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. Plaintiff be precluded from proceeding IFP; and
2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. E.D. Cal. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 19, 2025**                              _____
                                                                          UNITED STATES MAGISTRATE JUDGE

---

*pauperis* given his three-strike status. *See Matthews v. North Cnty. Corr. Facility*, No. 2:22-cv-09417-RGK-AGR (C.D. Cal. Jan. 5, 2023), Doc. 4.