UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, II,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>  Defendant. | Case No.: 1:25-cv-00580-JLT-CDB<br><br>ORDER VACATING MAY 19, 2025, FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 8, 9)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS AND REQUIRE PREPAYMENT OF FEES<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Ivan Lee Matthews, II ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    ORDER VACATING MAY 19, 2025, FINDINGS AND RECOMMENDATIONS**

Plaintiff filed a complaint and a motion to proceed *in forma pauperis* in the Central District of California on May 5, 2025. (Docs. 1, 2). On May 16, 2025, the action was transferred to this Court because the allegations involve conduct that occurred at a facility in the Eastern District of California (*e.g.*, North Kern State Prison). (Docs. 4, 5).

Upon review of Plaintiff's prisoner litigation history and his complaint, the undersigned found that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious harm at the time he filed the action. Therefore, on May 19, 2025, the

1 undersigned issued findings and recommendations, recommending that Plaintiff's motion to
2 proceed *in forma pauperis* ("IFP") (Doc. 2) be denied under 28 U.S.C. § 1915(g) and that Plaintiff
3 be required to pay the $405.00 filing fee in full to proceed with the action. (Doc. 8).  Plaintiff was
4 provided 14 days from the date of service of the findings and recommendations to file any written
5 objections.  (*Id.* at 4).

6 Plaintiff filed objections to the findings and recommendations on June 4, 2025.  (Doc. 9).
7 Plaintiff asserts that two of cases identified in the findings and recommendations as representing
8 "strikes"—*Matthews v. Puckett*, No. 13-cv-02760-JD, 2015 WL 7251930, and *Matthews v. Pistone*,
9 No. C 04-3712 JSW (PR), 2005 WL 2671386—are incorrectly identified as suits filed by him as
10 the plaintiffs in those cases share his name.  (*Id.* at 1).

11 Upon further review of those two cases, the undersigned finds Plaintiff correctly notes those
12 cases appear to involve different plaintiffs.  *See Puckett*, No. 13-cv-02760-JD (plaintiff Ivan Lee
13 Matthews, CDCR number H69338); *Pistone*, No. C 04-3712 JSW (PR) (same); *cf.* (Doc. 1 at 1)
14 (Plaintiff Ivan Lee Matthews, II, CDCR number BZ9335).  Thus, the undersigned finds good cause
15 to vacate the May 19, 2025, findings and recommendations (Doc. 8).

16 However, and as set forth below, because Plaintiff nonetheless remains subject to the three-
17 strikes bar of § 1915(g) based on other accrued "strikes" and has not sufficiently shown he was
18 under imminent danger of serious physical injury when he filed his complaint in this action, the
19 undersigned will issue updated findings and recommendations to deny Plaintiff *in forma pauperis*
20 status and require prepayment of fees.

21 **II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

22 Under 28 U.S.C. section 1915, a prisoner may under certain circumstances proceed with the
23 commencement of a civil rights suit without the prepayment of court fees. Relevant here, the statute
24 provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner
25 has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action
26 or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
27 malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
28 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

1   This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." (*Id.*); *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *King*, 398 F.3d at 1116 n.1 (internal quotations omitted).

**III.   DISCUSSION**

The Court takes judicial notice[1] of three prior lawsuits filed by Plaintiff that were dismissed for failure to state a claim:

1. *Matthews v. Ely State Prison, et al.*, No. 3:19-cv-00245-MMD-CLB (D. Nev. May 1, 2020) (Docs. 3, 4) (dismissed with prejudice for failure to state a claim on May 1, 2020)
2. *Matthew v. Williams*, No. 3:19-cv-00253-MMD-WGC, 2020 WL 1676786, at *2 (D. Nev. Apr. 3, 2020) (dismissed with prejudice for failure to state a claim on April 3, 2020)
3. *Matthews v. Ely State Prison, et al.*, No. 3:18-cv-00550-MMD-WGC (D. Nev. Jan. 1, 2020) (Doc. 6) (dismissed with prejudice for failure to state a claim and failure to file an amended complaint in compliance with the court's order on January 8, 2020)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  current action on May 5, 2025, Plaintiff is subject to the section 1915(g) bar. Moreover, he is
2  precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under
3  imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052-53.

4  The Court has reviewed the complaint in this action, as well as Plaintiff's representations in
5  his objections to the previous findings and recommendations (Doc. 9 at 2) and finds that Plaintiff's
6  allegations do not meet the imminent danger exception. His conclusory pleading that he is "in
7  immediate danger" (*see* Doc. 1 at 12, 13) is insufficient to show that he is in imminent danger of
8  serious physical injury to defeat the three-strikes bar under Section 1915. *See Cervantes*, 493 F.3d
9  at 1053; *see also Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at
10 *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present
11 threat, not merely speculative or hypothetical"). The complaint lacks any allegation that Plaintiff
12 has suffered or reasonably fears suffering imminently any harm. The "imminent danger" exception
13 is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and
14 proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no
15 genuine emergency where time is pressing, nor a threat that is real and proximate. Additionally,
16 Plaintiff's conclusory and unsupported allegations in his objections that he "has been poisoned, had
17 bones broken without surgery, and face[s] other forms of cruel and unusual punishment each and
18 every day in prison" are likewise insufficient to show he suffers any imminent harm to meet the
19 imminent danger exception as Plaintiff has not alleged "*specific* fact allegations of ongoing serious
20 physical injury, or of a *pattern* of misconduct evidencing the likelihood of serious physical
21 injury[.]" *See Andrews*, 493 F.3d at 1056 (emphasis added).

22 In sum, the Court finds Plaintiff has suffered three or more strikes and was not under
23 imminent danger of serious physical injury when he filed his complaint in this action. Therefore,
24 Plaintiff should be precluded from proceeding IFP and be directed to pay the filing fee if he wishes
25 to litigate the case. *Andrews*, 493 F.3d at 1052-53.

26 **IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS**

27       For the foregoing reasons, IT IS HEREBY ORDERED that:

28       1. The May 19, 2025, findings and recommendations (Doc. 8) are VACATED.

Further, the undersigned RECOMMENDS that:

2. Plaintiff be precluded from proceeding IFP; and

3. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. E.D. Cal. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __June 5, 2025__ 

UNITED STATES MAGISTRATE JUDGE

5