# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, II,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No.: 1:25-cv-0580 JLT CDB<br><br>ORDER DISREGARDING PLAINTIFF'S UNTIMELY OBJECTIONS |

On June 6, 2025, the magistrate judge issued Findings and Recommendations, recommending the denial of Plaintiff's motion to proceed *in forma pauperis* (Doc. 11), which the Court re-served on June 12, 2025, after receiving a notice of change of address. The Court notified Plaintiff that any objections were due within 14 days. (*Id*. at 5.) The Court also advised Petitioner the failure to file timely objections may result in the waiver of rights. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) More than a week after the filing deadline expired, the Court performed a *de novo* review of matter, found Plaintiff is subject to the three strikes provision of Section 1915(g), and did not show facts to satisfy the "imminent danger" exception. (Doc. 14.) Therefore, the Court ordered Plaintiff to pay the filing fee.

After the Court performed this *de novo* review, the Court received objections signed and dated July 1, 2025. (Doc. 13 at 1-2.) Even assuming the objections were submitted to the prison

mailing system the same date, the filing is untimely as the objections were dated beyond the deadline ordered by the Court. Plaintiff did not seek an extension of time to file objections, and he does not explain the delay in any manner. (*See generally* Doc. 13.)  For this reason, Plaintiff's untimely objections shall be disregarded.[1] *See, e.g., Branch v. Yates*, 2011 WL 443639, at *1 (E.D. Cal. Feb. 3, 2011) (disregarding objections filed by a petitioner as untimely when filed beyond the objection period). Thus, the Court **ORDERS**:

1. Plaintiff's untimely objections to the Findings and Recommendations are **DISREGARDED**.
2. Plaintiff **SHALL** pay the filing fee as ordered by the Court.

IT IS SO ORDERED.

Dated:   **July 9, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] Nevertheless, the Court reviewed the objections, and Plaintiff does not dispute the finding of the Court that he is subject to the three-strike bar of Section 1915. Rather, Plaintiff acknowledges that "had several cases dismissed in Nevada, and California" and had accumulated strikes. (Doc. 13 at 1.) He also does not identify any allegations showing imminent danger that are linked to the allegations of his complaint, which concerns the failure of official to use Plaintiff's given name. (*Compare* Doc. 1 at 2-5 *with* Doc. 13 at 1-2.) As the Ninth Circuit explained, "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (2022). Thus, Plaintiff's untimely objections are also unavailing.